United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Diana Ortiz, Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 22-21617-Civ-Scola |
| | ) |
| Sergio Alvarez and others, Respondents. | ) |

## Order

This matter is before the Court on the Petitioner's amended petition to compel arbitration. (ECF No. 5.) The Respondents filed an opposition to the petition (ECF No. 10), and the Petitioner did not file a timely reply memorandum. After careful review of the briefing, the record, and the relevant legal authorities, the Court **grants** the petition. (**ECF No. 5**.)

### 1. Background

In March 2017, Ortiz arrived in Miami. (ECF No. 5 at ¶ 13.) Her purpose: to undergo a plastic surgery procedure under the care of Respondent Sergio Alvarez, M.D. (*Id.*) But following the procedure, Ortiz allegedly developed a significant infection at the surgical site, requiring multiple hospitalizations and continued medical care. (*Id.* at ¶ 16.)

Prior to the procedure, Ortiz signed a one-page "agreement to binding arbitration," agreeing to arbitrate "any disputes related to medical services, billing payments, or other" matters related to the plastic surgery procedure. (*Id.* at ¶ 2; ECF No. 5-1.) The agreement clarified that this included, "without limitation, any claim for malpractice, personal injury . . . or any disputes relating in any way to past, present, or future medical care." (ECF No. 5-1.) By its terms, the agreement is governed by the Federal Arbitration Act, and the parties agreed to "submit any question concerning this Agreement['s] arbitrability to the arbitrators only and to no other person or entity." (*Id.*)

Pursuant to the arbitration agreement, Ortiz made a demand for arbitration in November 2018, bringing claims of medical negligence. (ECF No. 5 at ¶¶ 19, 37.) The parties participated in discovery through at least June 2020. (ECF No. 5 at ¶¶ 19–33.) Ortiz now argues that the Respondents have refused to participate in continued discovery or otherwise comply with any arbitration proceedings. (*Id.* at ¶¶ 35–36.) Accordingly, Ortiz now brings the instant petition to compel arbitration.

### 2. Legal Standard

The Federal Arbitration Act creates a "liberal federal policy favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Courts must compel arbitration if (1) the "plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles" and (2) the "claims before the court fall within the scope of that agreement." *See Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (quoting 9 U.S.C. §§ 2–4). Any party resisting arbitration must establish that "the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000). And any "'questions of arbitration must be addressed with a healthy regard for the federal policy favoring arbitration.'" *Gilmer*, 500 U.S. at 26 (quoting *Moses*, 460 U.S. at 24).

### 3. Analysis

The Respondents here do not argue that the arbitration agreement at issue is invalid or unlawful. Nor do they attempt to argue that the arbitration agreement is not enforceable under state law or that Ortiz's claims fall outside of the arbitration agreement. Rather, the Respondents only argue that the arbitration proceedings never formally commenced and that any effort to commence arbitration proceedings anew is barred by the statute of limitations and the doctrine of laches. (ECF No. 10.)

A court's role in deciding whether claims must be arbitrated is limited. Questions concerning *substantive* arbitrability—*i.e.*, whether the parties agreed to arbitrate a dispute—are for courts to decide. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) ("The question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the '*question of arbitrability*,' is 'an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.'") (quoting *AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986)). However, *procedural*, or "gateway," questions of arbitrability are for an arbitrator to decide. *See id.* at 84–85. These gateway questions of arbitrability include whether "prerequisites such as *time limits*, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met[.]" *Id.* (emphasis in original) (quoting Revised Uniform Arbitration Act of 2000 § 6(c) and comment 2, 7 U.L.A. 12-13 (Supp. 2002)); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1109 (11th Cir. 2004) ("Arbitrators . . . are empowered, absent an agreement to the contrary, to resolve disputes over whether a particular claim may be successfully litigated anywhere at all (due to concerns such as statute of limitations, laches, justiciability, etc.)[.]").

Plainly, the Respondents have failed to meet their burden to show that these claims are not substantively arbitrable. Rather, the Respondents raise only gateway arguments concerning whether Ortiz's claims meet the relevant statute of limitations and whether the doctrine of laches applies. These are for a future arbitrator to hear and decide. *See Howsam*, 537 U.S. at 84–85; *Klay*, 376 F.3d at 1109; *see also In re Managed Care Litig.*, No. 00-MD-1334, 2003 WL 22410373, at *5 (S.D. Fla. Sept. 15, 2003) (Moreno, J.) ("The Supreme Court held that gateway questions that grow out of the dispute itself and bear upon its final disposition should be decided by arbitrators (*e.g.* statute of limitations)[.]") (citing *Howsam*, 537 U.S. at 84–85). Therefore, the Court must direct the parties to comply with the arbitration agreement to which they both consented and which neither party argues is invalid or substantively unenforceable. *See* 9 U.S.C. § 4 ("[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.")

### 4. Conclusion

For these reasons, the Court **grants** Ortiz's petition. (**ECF No. 5**.) The parties are compelled to submit the claims at issue to arbitration. This case is **dismissed with prejudice**. The Clerk is directed to **close** this case.

**Done and ordered** in Miami, Florida, on August 11, 2022.

_____
Robert N. Scola, Jr.
United States District Judge